EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* HÉCTOR M. GARAY y LUIS CALDERÓN CORA, acusados y apelantes.

*Número:* CR-76-12     *Resuelto:* 7 de septiembre de 1976

*Benigno Alicea Alicea,* abogado de los apelantes; *Miriam Naveira de Rodón, Procuradora General,* y *Federico Cedó Alzamora, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: Héctor M. Garay y Luis Calderón Cora asesinaron a un joven de 19 años que se divertía con un grupo de muchachos y muchachas de su edad en una discoteca de Isla Verde. El grupo había salido junto de la Urbanización Torrimar a despedir a unos amigos venezolanos. En la discoteca se encontraban los apelantes con otros muchachos agrupados alrededor de una vellonera. Estos adoptaron contra aquéllos

una actitud insolente y ofensiva, molestando y faltándple el respeto a las muchachas del otro grupo. Las insolencias y abusos de los apelantes obligaron al otro grupo a retirarse. Ya fuera de la discoteca, Garay insistió en su conducta insolente provocando una pelea en que los apelantes y su grupo golpearon al otro grupo con vasos, cuchillas y cachiporras. Garay y Calderón persiguieron a uno de los jóvenes de nombre Alfredo Torres Richardson acorralándolo en una isleta situada en el medio de la calle. Mientras Calderón lo aguantaba en el piso, Garay le enterró una cuchilla de alrededor de cinco pulgadas en el lado derecho del pecho que le interesó la aorta y le causó la muerte.

Los apelantes no presentaron prueba de defensa limitándose a impugnar el testimonio del testigo Juan Francisco Blanco quien fue el único testigo que declaró cómo ocurrió el asesinato. El jurado trajo un veredicto de asesinato en primer grado contra ambos apelantes. No conforme nos piden que revoquemos el fallo condenatorio señalando como errores que la prueba fue insuficiente, que no debió habérsele dado crédito al testigo Blanco, que no se examinó al jurado sobre supuestas comunicaciones de extraños y que no se admitió en evidencia el informe del delito rendido por el agente Bahamonde.

Todos los apuntamientos son inmeritorios.

■ El examen detenido que hemos hecho de la transcripción de la prueba nos convence que todos los elementos constitutivos del delito de asesinato en primer grado fueron probados más allá de duda razonable. El perseguir a una persona de 90 libras de peso, indefensa, que cae al piso, y, mientras otro lo aguanta apuñalearle por el pecho, denota una intención deliberada de asesinar a un ser humano.

■ Los apelantes niegan valor probatorio al testimonio del testigo Blanco quien presenció el asesinato a un metro de distancia. Arguyen que dicho testigo incurrió en contradicciones e inconsistencias en su testimonio en sala y en la declara-

ción jurada prestada ante el fiscal y ante los jueces que intervinieron en la determinación de causa probable para el arresto y la vista preliminar. Blanco explicó claramente su inconsistencia explicando que hizo la declaración jurada ante el fiscal bajo amenaza de los acusados. El jurado lo vio y oyó declarar tanto en el examen directo como en el extenso contrainterrogatorio a que lo sometió la defensa. También tuvo el beneficio del informe final de la defensa. En el ejercicio de su discreción el jurado dirimió las contradicciones de su testimonio y le dio crédito. No hemos encontrado justificación alguna en el récord que nos permita intervenir con su determinación.

■ Se quejan los apelantes de que el tribunal de instancia no examinó al jurado sobre supuestas comunicaciones de extraños. No tienen razón.

Según surge del récord, en la vista celebrada el 14 de agosto de 1973, la defensa trajo a la atención del tribunal que una persona que no conocía se le había acercado en aparente estado de embriaguez y le había increpado por estar "defendiendo unas ratas como esas." (5 T.E. pág. 3.) El tribunal inquirió a la defensa cuál era su planteamiento para resolverlo, asegurándole a los apelantes que ordenaría una investigación si se trajera alguna *scintilla* de evidencia de que alguien estaba tratando de influir al jurado. Invitó a la defensa a que hiciera claramente su planteamiento pero ésta lo rechazó expresando:

"SR. ABOGADO:

Nosotros aceptamos esa sugerencia, Vuestro Honor, debido a que nosotros tenemos dudas sobre si verdaderamente las frases emitidas por esta dama el viernes son ciertas o no, de que conocía a cuatro de las damas en el jurado." (5 T.E. pág. 8.)

Inmediatamente el tribunal instruyó al jurado con las siguientes palabras:

"   .    .    .    .    .    .    .    .

Les hago esta introducción para ahora bajo el juramento que ustedes prestaron para hacer la justicia que el caso este merece —yo les he dicho todas las tardes cuando terminamos que si alguien se atreve a acercárceles a ustedes en alguna forma, ustedes vienen en la obligación legal y moral de informar de ello al Tribunal y yo confiando en su honestidad—les pregunto a ustedes sin temor de clase alguna, si alguien en alguna forma, alguien, quien quiera que sea, se ha acercado a ustedes en alguna forma; bien por telegrama, por carta, llamadas telefónicas o personalmente a hablarles de este caso.

SEÑORES DEL JURADO:

(Gesto negativo)

HON. JUEZ:

Ustedes le aseguran al Fiscal, le aseguran al Juez, le aseguran a la Defensa y a los acusados que nadie, absolutamente nadie se les ha acercado, alguien le ha hecho una llamada telefónica aunque sea anónima, alguien; si han recibido alguna llamada aunque sea anónima en relación con este proceso?

SEÑORES DEL JURADO:

(Gesto negativo)

HON. JUEZ:

Ustedes le aseguran eso al Tribunal?

SEÑORES DEL JURADO:

(Gesto afirmativo)

HON. JUEZ:

El Fiscal quiere hacerle alguna pregunta?

HON. FISCAL:

Ninguna.

HON. JUEZ:

La Defensa tiene alguna pregunta?

SR. ABOGADO:

Ninguna, Vuestro Honor. (5 T.E. págs. 11–13.)

Al día siguiente la defensa volvió a repetir su planteamiento esta vez identificando a la dama que lo había increpado con el nombre de Irma Toro, empleada de Fuentes Fluviales. (5 T.E. pág. 57.) En vista de que el día anterior el tribunal había inquirido al jurado sobre el asunto, no consideró propio

hacer ninguna investigación adicional. No se cometió el error señalado.

■ No incidió el tribunal de instancia al no admitir como prueba el informe de delito rendido por el agente Bahamonde. La información contenida en dicho informe era claramente de referencia.

*Se dictará sentencia confirmando la recurrida.*